UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS- SPRINGFIELD DIVISION

| | |
|---|---|
| FULL PULL WINES, LLC,<br>TIMOTHY FREEHAN<br>and<br>JOSEPH GRODY<br><br>      Plaintiffs,<br><br>      vs.<br><br>CYNTHIA BERG, Commissioner and<br>Chairman of the Illinois Liquor Control<br>Commission and<br>THOMAS GIBBONS,<br>PATRICIA PULIDO SANCHEZ,<br>MELODY SPANN COOPER<br>JULIETA LAMALFA<br>DONALD G. O'CONNELL<br>& STEVEN POWELL,<br>Commissioners of the Illinois Liquor Control<br>Commission<br><br>      Defendants. | 21-cv-3212 |

## COMPLAINT

Plaintiffs make the following allegations for their Complaint based upon information and belief, except for the allegations pertaining to Plaintiffs, which are based upon personal knowledge.

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of 235 IL Comp. L. 5/5-1(d) and 235 IL Comp. L. 5/6-29.1(b) which allow Illinois wine retailers to sell, ship and deliver wine directly to consumers within the state of Illinois, while prohibiting out-of-state retailers from doing so. Plaintiffs seek a declaratory judgment that this statutory scheme is unconstitutional because it deprives

1

them under color of law of their constitutional rights to engage in interstate commerce in violation of the Commerce Clause and G*ranholm v. Heald*, 544 U.S. 460 (2005). Plaintiffs seek an injunction barring Defendants from enforcing these laws to prohibit out-of-state wine retailers from selling, shipping and delivering wine directly to consumers in Illinois.

## JURISDICTION

1. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

2. The Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PLAINTIFFS

3. Plaintiff Timothy Freehan is a resident of Cook County, Illinois. He is over the age of twenty-one, does not live in a dry county, and is legally permitted to purchase, receive, possess and drink wine at his residence. He is a regular purchaser and consumer of fine wine. He has attempted to buy wine from out-of-state retailers and have it delivered to him but has been unable to do so because Illinois law prohibits such transactions. He intends to purchase wines from out-of-state retailers and have them shipped to his residence in Illinois if it were lawful to do so.

4. Plaintiff Joseph Grody is a resident of Cook County, Illinois. He is over the age of twenty-one, does not live in a dry county, and is legally permitted to purchase, receive, possess and drink wine at his residence. He is a regular purchaser and consumer of fine wine. He has attempted to buy wine from out-of-state retailers and have it

2

delivered to him but has been unable to do so because Illinois law prohibits such transactions. He intends to purchase wines from out-of-state retailers and have them shipped to his residence in Illinois if it were lawful to do so.

5. Plaintiff Full Pull Wines, LLC is a Washington company that operates a wine retail store in Seattle, Washington. Full Pull Wines has been in business for many years. In that time, it has developed an extensive base of loyal customers who trust it to recommend, obtain, supply, sell and deliver wine to them. Full Pull Wines has received requests that it sell and ship wine to Illinois from customers who have moved to Illinois or who wish to send gifts of wine to Illinois residents, but is unable to do so as a result of the Illinois ban. It intends to sell and ship wines directly to consumers in Illinois if the laws prohibiting such sales and shipments are removed or declared unconstitutional.

6. Full Pull Wines maintains an Internet web site, has previously handled deliveries and shipping of wine that was purchased from its retail stores or ordered through national wine clubs, and intends to continue to do so.

7. Plaintiffs intend to pay all taxes that may be due on such interstate shipments and to comply with all other non-discriminatory state regulations.

## DEFENDANTS

8. Defendants are sued in their official capacities.

9. Defendant Cynthia Berg is a Commissioner and the Chairman of the Illinois Liquor Control Commission, which is charged with enforcing the Illinois liquor control laws, including the ones challenged in this lawsuit.

10. Defendant Thomas Gibbons is a Commissioner of the Illinois Liquor and Control Commission and is charged with enforcing the Illinois liquor control laws, including the ones challenged in this lawsuit.

11. Defendant Patricia Pulido Sanchez is a Commissioner of the Illinois Liquor and Control Commission and is charged with enforcing the Illinois liquor control laws, including the ones challenged in this lawsuit.

12. Defendant Melody Spann Cooper is a Commissioner of the Illinois Liquor and Control Commission and is charged with enforcing the Illinois liquor control laws, including the ones challenged in this lawsuit.

13. Defendant Julieta LaMalfa is a Commissioner of the Illinois Liquor and Control Commission and is charged with enforcing the Illinois liquor control laws, including the ones challenged in this lawsuit.

14. Defendant Donald G. O'Connell is a Commissioner of the Illinois Liquor and Control Commission and is charged with enforcing the Illinois liquor control laws, including the ones challenged in this lawsuit.

15. Defendant Steven Powell is a Commissioner of the Illinois Liquor and Control Commission and is charged with enforcing the Illinois liquor control laws, including the ones challenged in this lawsuit.

16. Defendants are acting under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein.

17. The Defendants, collectively and individually, intend to enforce the Illinois laws being challenged that regulate wine shipping from retailers to consumers.

## COMMERCE CLAUSE VIOLATION

18. In the State of Illinois, a wine retailer can obtain an off-premises license from Defendants which allows it to sell, ship and deliver wine directly to Illinois consumers any wine that it has in its inventory.

19. In-state, off-premises licensees are also allowed to ship wine by common carriers and parcel delivery services directly to Illinois consumers.

20. The Defendants will issue an off-premises license described in the previous paragraphs only to wine retailers located in the State of Illinois.

21. Full Pull Wines, LLC, is not located in Illinois, is not eligible for an Illinois off-premises license, and is prohibited by law from selling, delivering or shipping wine from its inventory directly to consumers in Illinois.

22. Timothy Freehan has attempted to purchase wine from out-of-state retailers and have it shipped to him in Illinois, but was unable to complete the transaction because Illinois law prohibits out-of-state retailers from shipping wine directly to Illinois consumers.

23. Freehan has tried on other occasions to buy wine directly from retailers located outside of Illinois and to have these wines delivered to him in Illinois but was unable to complete those purchases when those retailers indicated they could not ship to Illinois because it was unlawful.

24. Joseph Grody attempted to purchase wine from out-of-state retailers and have it shipped to him in Illinois, but was unable to complete the transaction because Illinois law prohibits out-of-state retailers from shipping wine directly to Illinois consumers.

5

25. Grody has tried on other occasions to buy wine directly from retailers located outside of Illinois and to have these wines delivered to him in Illinois but was unable to complete those purchases when those retailers indicated they could not ship to Illinois because it was unlawful.

26. Some wine retailers located outside of Illinois have wines for sale that Plaintiffs Freehan and Grody want to buy and which are not available at Illinois retailers in their areas, including rare, unusual, older vintage, or other limited-supply wines, wines not stocked by Illinois wholesalers, and wine originally distributed in Illinois but no longer available because the wholesalers have depleted their supply.

27. Plaintiffs Freehan and Grody cannot afford the time and expense of traveling to out-of-state wine retailers to purchase a few bottles of rare wine and personally transport them home, so they are effectively prohibited from buying unique wines for sale in other states.

28. Some wine retailers located outside of Illinois have wines for sale at prices lower than consumers can find at Illinois retailers. Because Illinois prohibits out-of-state retailers from selling and shipping wine directly to consumers, consumers including Freehan and Grody are forced to pay higher prices.

29. Full Pull Wines has received requests through its website, or made in person at its Washington premises, to sell and ship wine to Illinois residents, but has been unable to do so directly because Illinois law prohibits such transactions.

30. The Plaintiffs cannot complete the commercial transactions described in paragraphs 21-27 because the laws and regulations of Illinois prohibit direct sales and

shipments of wine from retailers located outside Illinois to in-state consumers, and state officials will not issue any kind of license that would allow such interstate transactions.

31. If Full Pull Wines, LLC were permitted to sell, ship and deliver its wine directly to consumers in the State of Illinois, it would comply with applicable laws and regulations concerning permits, licenses, labeling, reporting, proof of age, and payment of taxes.

32. The laws of the State of Illinois treat interstate sales, shipment and delivery of wine by retailers differently and less favorably than intra-state sales, shipment and delivery of wine. This statutory scheme discriminates against out-of-state wine retailers and provides economic advantages and protection to wine retailers in Illinois, in violation of the Commerce Clause of the United States Constitution.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

A. Judgment declaring 235 IL ST 5/5-1(d) and 235 IL ST 5/6-29.1(b), unconstitutional to the extent that they prohibit out-of-state wine retailers from selling, shipping and delivering wine directly to Illinois consumers, as a violation of the Commerce Clause of the United States Constitution.

B. Judgment declaring 235 IL ST 5/5-1(d) and 235 IL ST 5/6-29.1(b), unconstitutional to the extent that they prohibit out-of-state wine merchants from obtaining licenses and engaging in their occupations in Illinois, as a violation of the Privileges and Immunities Clause of the United States Constitution.

    C.    An injunction prohibiting Defendants from enforcing those statutes and requiring them to allow out-of-state wine retailers to sell, ship, and deliver directly to consumers in Illinois.

    D.    Plaintiffs do not request that the State be enjoined from collecting any tax due on the sale of wine.

    E.    An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

    F.    Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

Respectfully submitted,

Attorneys for Plaintiffs

/s/ Jerrold H. Stocks
Jerrold H. Stocks (ARDC #620198)
FEATHERSTUN, GAUMER, STOCKS, FLYNN & ECK, LLP
101 S State St #240
Decatur, IL 62523
Tel: (217) 429-4453
jstocks@decatur.legal

/s/ Robert D. Epstein
Robert D. Epstein (Indiana Attorney No. 6726-49)
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:   317-639-1326
Fax:   317-638-9891
Rdepstein@aol.com

/s/ James A Tanford
James A. Tanford (Indiana Attorney No. 16982-53)
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:   812-332-4966
Fax:   317-638-9891

8

tanfordlegal@gmail.com

/s/ Joseph Beutel
Joseph Beutel (Indiana Attorney No. 35085-49)
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:   317-639-1326
Fax:   317-638-9891
joe@beutellaw.com

9